# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| RODNEY SMITH, | ) | |
| Petitioner, | ) | No. 2:18-cv-02698-TLP-tmp |
| v. | ) | |
| GRADY PERRY, | ) | |
| Respondent. | ) | |

## ORDER DIRECTING CLERK TO MODIFY DOCKET AND ORDERING RESPONDENT TO FILE THE RECORD RESPOND TO PETITION PURSUANT TO 28 U.S.C. § 2254

Petitioner Rodney Smith, Tennessee Department of Correction prisoner number 14209, an inmate incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("§ 2254 Petition") on September 9, 2018. (ECF No. 1.) Petitioner paid the $5.00 filing fee. (ECF No. 6.) The Clerk shall record the Respondent as HCCF Warden Grady Perry.[1]

The Clerk is DIRECTED to serve a copy of the § 2254 Petition (ECF No. 1) and this Order on Respondent by certified mail pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Respondent is ORDERED to file a response to the § 2254 Petition within twenty-eight (28) days. The response shall include the complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31. *See* 28 U.S.C. § 2254(b)(1).

---

[1] The proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004).

Additionally, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses, if any, for each claim. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Petitioner may, if he chooses, submit a reply to Respondent's Answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his response. The Court will address the merits of the § 2254 Petition, or of any motion filed by Respondent, after the expiration of the time to reply, as extended.

**SO ORDERED**, this 17th day of January, 2019.

   s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE